117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ian B. DAVIDSON, an Individual; Nancy Davidson, an
Individual, L. Bruce Madsen, an Individual Davidson
Investment, a Business Organization; IBD Individual
Retirement Account; IBD Defined Benefit Pension Plan; GF
Ortho Profit Sharing Trust; A. Dale, an Individual; Jane
S. Dunn, an Individual; James P. Lucas, an Individual;
John Easley; Carolyn Bloemendaal, an Individual,
Plaintiffs-Appellants,
v.
PINNACLE WEST CAPITAL CORPORATION, an Arizona Corporation,
Defendant-Appellee.
 No. 96-16031.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1997.**
July 8, 1997.
 
 Appeal from the United States District Court for the District of Arizona C.A. Muecke, District Judge, Presiding
 Before: PREGERSON, FERGUSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because we review summary judgment de novo, T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987), we need not consider whether the district court incorrectly weighed conflicting evidence or failed to draw reasonable inferences from it in favor of appellants. We review the evidence independently to determine whether there it establishes a genuine issue of material fact. We reach the same conclusion as the district judge did, in his excellent opinion.
 
 
 3
 The lawsuit was filed more than three years after the bank went into receivership, and more than three years after the defendant obtained the limitation on its "make-well agreement." All of the conduct which gave rise to plaintiffs' claims occurred more than three years before they filed their lawsuit. Appellants' theory of fraud was that Pinnacle West said in its 10-K and its 10-Q that it had stipulated to FSLIC that it would cause MeraBank's capital to be maintained and infuse additional capital as necessary to comply with regulations, but subsequently entered into a secret agreement to limit its infusions of capital to $450 million dollars and allow the bank to go into receivership. This theory raises questions of inquiry notice and fraudulent concealment.
 
 
 4
 A. Inquiry Notice.
 
 
 5
 The statute of limitations in a fraud case begins to run when the plaintiff by reasonable diligence could have learned of the fraud. Coronado Devel. Corp. v. Superior Court, 678 P.2d 535, 537 (Ariz.1984). We agree with the district court that the plaintiffs were on inquiry notice of fraud no later than January 31, 1990, when MeraBank was placed into receivership. Pinnacle West stated publicly in its 10-Q report for the quarter ending September 30, 1989, that it was negotiating for termination of its obligations under the make-well agreement. A reasonable person relying on the earlier 10-Q for the supposed belief that the subordinated high interest debentures bought at deep discount were secure, would have been suspicious that Pinnacle West was not really going to maintain the bank's capital without limit, after reading the subsequent 10-Q. A reasonable person would also have been suspicious that the largest utility in Arizona was not going to maintain the bank's capital without limit, based on the yield of the debentures. The highly sophisticated investors would also have been put on suspicion that Pinnacle West was negotiating an end to its capital infusion from the extensive newspaper publicity saying exactly that.
 
 
 6
 B. Fraudulent Concealment.
 
 
 7
 As appellant concedes, for fraudulent concealment to toll the running of the statute of limitations, plaintiffs would have to show that a "prudent person would [not] have become suspicious." Gray v. First Winthrop Corp., 82 F.3d 877, 881 (9th Cir.1996). Moreover, for fraudulent concealment to toll the statute, there must be some act of fraud over and above making the secret agreement in the first place. "Mere silence by the person allegedly committing the fraud will not avoid the running of the statute. There must be some trick or contrivance intended to exclude suspicion and prevent injury." Tovrea Land and Cattle Co. v. Linsenmeyer, 412 P.2d 47, 63 (Ariz.1966); see also Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1415-16 (9th Cir.1987).
 
 
 8
 We are unable to find any evidence in the record that Pinnacle West took affirmative steps to conceal a secret side agreement with federal regulators, even if there was such an agreement. Gene Rice attended all but one of Pinnacle West's board meetings and reviewed the minutes of the meeting he did not attend.
 
 
 9
 Fraud on the market theory has nothing to do with this case, because the extremely large discount in the already high interest bonds indicates that the market was fully aware of the high risk that they would not be redeemed. Although appellants argue that some of appellees' citations of authority should be distinguished, there appears to be no authority cited in appellants' briefs of any factually analogous case in which we or any other appellate court held that a genuine issue of fact was presented.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3